

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Khori v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Khori v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3799

———

BETRO KHORI,

Petitioner,

v.

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of the Board of Immigration Appeals
(BIA File No. A77 050 377)

———

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2008

Before: McKEE, AMBRO, *Circuit Judges*, and IRENAS,* *Senior District Judge*.

(Filed: March 19, 2008 )

———

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

---

OPINION

---

IRENAS, *Senior United States District Judge*.

Petitioner, Betro Khori, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision that Petitioner was ineligible for relief under the Convention Against Torture ("CAT").[1] For the following reasons, the Petition will be denied.

I.

Petitioner, a native and citizen of Syria, entered the United States on February 13, 2001. The Immigration and Naturalization Service served him with a Notice to Appear on February 20, stating that he was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled."

Petitioner testified before the IJ in removal proceedings held on March 10, 2005, that he is an orthodox Christian. Petitioner has three brothers, and his parents still reside in Syria. His father worked for thirty years as an undercover security officer for the

---

[1] The BIA also affirmed the IJ's decision that Petitioner was ineligible for asylum and withholding of removal. However, Petitioner does not seek review of this part of the BIA's decision. Thus, our analysis is limited to a review of the denial of Petitioner's CAT claim.

Syrian government, whose duties entailed arresting opponents of the government.

At the age of fifteen, Petitioner joined the ruling Baath party, the same party of which his father was a member. He testified that he was obliged to join the Baath party, but that he opposed its operation because Syrian citizens were not free and the purpose of the party was to ensure that it would remain in power indefinitely. Petitioner was a strong, but generally silent, proponent of democracy. He only voiced his opposition to the Baath party to his parents. Petitioner's parents advised him to leave the country.

Petitioner further testified that male citizens of Syria are generally required to serve in the country's army for two and a half years beginning at the age of nineteen. Petitioner's older brother, who served in the army for one year before Petitioner left the country, told Petitioner that he wished nobody would join the Syrian military. Petitioner testified that this was because the sole purpose of the army was to protect the president and ensure the continued power of the Baath party.

Following the advice of his parents and his brother, Petitioner left Syria in January of 2001, at the age of seventeen, two years before he was required to serve in the Syrian army. Prior to leaving the country Petitioner had no problem obtaining a two-year passport because, as he testified, he never voiced his opposition to the government except to his family. Petitioner testified that eighteen months after he left Syria, government officials went to his parents' home looking for him to join the army.

During the removal proceedings, Petitioner was asked what he thought would

3

happen to him if he returned to Syria. He testified that he would be treated badly because he left for another country and he failed to complete his compulsory military service. Petitioner also stated that he feared being interrogated with regard to whether he revealed information about the Syrian government during his removal proceedings. Petitioner claimed that he was aware of specific interrogation techniques that might be used because of his father's work. Such techniques include electric shock, removal of fingernails, and long-term imprisonment.

The IJ issued an oral decision and order on March 10, 2005, denying Petitioner's request for asylum, withholding of removal, and relief under CAT, and ordering Petitioner's removal to Syria. The BIA affirmed the IJ's decision on July 27, 2006. This Petition for Review followed.

II.

This Court has jurisdiction to review the BIA's final removal order pursuant to 8 U.S.C. § 1252(a). The BIA's brief opinion affirms the IJ's oral decision "based upon and for the reasons set forth therein." Therefore, we review the BIA's opinion, and also the IJ's decision to the extent it was relied upon by the BIA. *See Voci v. Gonzales*, 409 F.3d 607, 612 (3d Cir. 2005) (citing several cases demonstrating this Court's recognition that "in some instances, we review both the decisions of the IJ and the BIA").

Factual determinations underlying the denial of Petitioner's CAT claim are

reviewed under the substantial evidence standard. *See Berishaj v. Ashcroft*, 378 F.3d 314, 322-23 (3d Cir. 2004); *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (internal quotation marks omitted). Under this deferential standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zubeda*, 333 F.3d at 471.

### III.

To establish eligibility for withholding of removal under the CAT, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Berishaj*, 378 F.3d at 332. There is no subjective component to this standard, but rather an applicant must establish by objective evidence that he is entitled to relief. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.19(a)(2).

Petitioner first contends that neither the IJ nor the BIA provided any meaningful analysis of his CAT claim. He seems to argue that it is impossible to tell whether the IJ

5

thought that Petitioner's failure to establish an asylum claim necessarily meant that he could not establish a CAT claim, or whether the IJ analyzed the objective evidence presented and concluded that it did not support a CAT claim.[2] "The first alternative would be a legal error, and would be grounds for granting the petition because asylum and CAT claims are analytically separate." *Berishaj*, 378 F.3d at 332 (internal quotation marks omitted) (citing *Zubeda*, 333 F.3d at 476). However, we read the IJ's decision to say that she considered the evidence presented and determined that Petitioner failed to satisfy the necessary standard to establish a CAT claim.

The record does describe significant human rights abuses in Syria, but there is very little, if any, evidence that it is more likely than not that Petitioner would be tortured if removed to Syria. While the record evidence establishes that vocal political opponents of the Syrian government and perceived national security risks might be subjected to torture, it does not mention the torture of individuals who avoid military service. But even if Petitioner is a political opponent of the ruling Baath party, he never voiced such opposition during his time in Syria other than to members of his immediate family. According to Petitioner that is precisely why he was able to obtain a two-year passport before leaving Syria for the United States. A reasonable mind could also conclude that

---

[2] In addressing Petitioner's CAT claim the IJ stated, "[Petitioner] has failed to establish that anyone would be interested in torturing him for any reason upon return to Syria and therefore has failed to establish his eligibility for relief under Article 3 of the UN Convention Against Torture."

the thirty years of service Petitioner's father provided to the Syrian government would provide Petitioner with some level of protection from government authorities. Thus, there is substantial evidence in the record to support the conclusion that Petitioner failed to establish his CAT claim, and this Court is not compelled to conclude to the contrary.

Accordingly, we deny the Petition for Review.